IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH TURNER, | § | |
| TDCJ-CID NO. 1404515, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-2602 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Keith Turner, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2006 state court felony conviction for aggravated sexual assault. The Court will dismiss the petition because it is barred by the governing statute of limitations.

I. PROCEDURAL HISTORY

On December 11, 2006, petitioner was convicted of aggravated sexual assault in cause number 1066525 in the 209th Criminal District Court of Harris County, Texas, and sentenced to confinement in TDCJ-CID for 99 years. Petitioner's conviction was affirmed on direct appeal and his petition for discretionary review was refused on August 20, 2008. *Turner v. State*, 252 S.W.3d 571 (Tex. App.–Houston [14th Dist.] pet ref'd). On February 23, 2009, the United States Supreme Court denied his petition for writ of *certiorari*. *Turner v. Texas*, __U.S.__, 129 S.Ct. 1325 (2009). Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about February 23, 2009. *See Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002).

1

Petitioner filed a state application for a writ of habeas corpus in the 209th Criminal District Court on January 28, 2010.[1] On April 27, 2011, the Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing.[2]

Petitioner indicates that he executed the pending federal habeas petition on June 20, 2011.[3] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the following grounds:

1. His conviction was obtained by the use of evidence from an unlawful arrest and custodial interrogation;

2. He was denied due process when he was not allowed to testify at trial;

3. He was denied the right to remain silent;

4. He was subjected to an unreasonable search and seizure;

5. The state district court violated his due process rights by refusing to instruct the jury on a lesser included offense; and,

6. He was denied the effective assistance of counsel during trial and on appeal.

(Docket Entry No.1).

---

[1] Petitioner indicates that he filed the state habeas application on January 20, 2010. (Docket Entry No.1). Public records, however, show that he filed the state habeas application on January 28, 2010. *See* Harris County District Clerk website at http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.axpx?Get=1XfBDxECoC (viewed on July 26, 2011).

[2] *See* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=244366 (viewed July 26, 2011).

[3] The petition, however, was not filed in this Court until July 13, 2011. (Docket Entry No.1).

2

## II. STATUTE OF LIMITATIONS

Under the AEDPA, a habeas corpus petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326,

329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on February 23, 2009, the date that the Supreme Court denied his petition for writ of *certiorari*. That date triggered the one-year limitations period which expired on February 23, 2010. Petitioner's first state habeas application, filed January 28, 2010, and denied on April 27, 2011, was pending before the Texas Court of Criminal Appeals for 455 days, thus tolling the limitations period until May 23, 2011. The present federal habeas petition, executed on June 20, 2011, therefore, is untimely and subject to dismissal.

        Petitioner does not dispute that the pending petition is time-barred but argues that he is entitled to equitable tolling of the limitations period because he was unable to access legal materials in the law library in a meaningful way or to acquire the assistance of inmate counsel while in protective custody. (Docket Entry No.7). Petitioner contends that he was not allowed direct access to the prison law library and the type of access to legal materials afforded to him "has been declared unconstitutional." (*Id.*, page 2). In support of this contention, petitioner cites to a civil rights case filed pursuant to 42 U.S.C. § 1983, in which the federal district court addressed an inmate's claim that he had been denied access to the courts. *See Brinson v. McKeeman*, 992 F.Supp. 897, 910 (W.D. Tex. Dec. 31, 1997) (noting that "restrictions on direct access to legal materials may be warranted when prison security is involved. . . . However, arbitrary limitations and restrictions on access to legal materials, without the assistance of persons trained in the law, and without the ability of inmates in administrative segregation to examine legal digests, hornbooks, and other legal materials firsthand is unconstitutional").[4]

---

[4] The *Brinson* Court found that the plaintiff failed to show that he suffered prejudice on his right to access the courts claim and therefore, dismissed the complaint. *Brinson v. McKeeman*, 992 F.Supp. 897, 912 (W.D. Tex. Dec. 31, 1997).

In *Egerton v. Cockrell*, the Fifth Circuit recognized that the failure to provide materials necessary to challenge a conviction, including inadequate library, may constitute an 'impediment' created by the State and can invoke statutory tolling under 28 U.S.C. § 2244(d)(1)(B).[5] 334 F.3d 433 (5th Cir. 2003). The Fifth Circuit recognized that whether a prisoner has demonstrated the existence of a state-created impediment is highly fact dependent. *Id.* at 438.

In this case, petitioner fails to state sufficient facts to warrant statutory tolling of the AEDPA limitations period. Petitioner filed his state habeas application before the expiration of the AEDPA limitations period and does not allege any ignorance of the AEDPA. He states no specific facts to show that he has been denied access to certain legal materials or to other inmates who may assist him with his post-conviction writs. In fact, the record reflects that petitioner's response to the Court's Order of July 27, 2011 (Docket Entry No.5) was mailed to the Court by an inmate at a different unit, who presumably has assisted petitioner with this case. (Docket Entry No.7). Without facts to support his conclusory "Motion for Equitable Tolling" (Docket Entry No.7), petitioner fails to show that he is entitled to statutory tolling of the AEDPA deadline. Accordingly, the pending writ is subject to dismissal absent equitable tolling of the AEDPA limitations period.

The one-year AEDPA limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the

---

[5] In such case, the Fifth Circuit found the failure to provide the inmate with a copy of the statute that was used to render his petition time-barred was a state-created impediment for purposes of invoking § 2244(d)(1)(B). *Egerton v. Cockrell,* 334 F.3d 433, 438-39 (5th Cir. 2003).

petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "[E]quity is not intended for those who sleep on their rights." *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To merit application of equitable tolling in context of § 2254, a petitioner must show that he pursued his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2560 (2010).

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner delayed filing his state habeas application until 340 days elapsed after his conviction became final. His "Motion for Equitable Tolling" provides no explanation for this delay, except for his general assertion that his protective custody status and housing prevented him from direct assess to the legal materials in the law library. An unexplained delay does not make the circumstances of a case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Moreover, the inability to obtain research materials, denial of access to a law library, ignorance of the law and being *pro se* are not such rare and exceptional circumstances as will warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000); *Felder*, 204 F.3d at 171-72; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Accordingly, petitioner's Motion for Equitable Tolling is DENIED. (Docket Entry No.7).

Finally, petitioner has not shown that he was subject to state action that impeded him from filing his petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is

there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore a certificate of appealability from this decision will not issue.

IV.  CONCLUSION

Accordingly, the Court ORDERS the following:

1. This cause of action is DISMISSED with prejudice.

2. A certificate of appealability is DENIED.

3. Petitioner's Motion for Equitable Tolling (Docket Entry No.7) is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk will provide the parties with a copy of this Order.

SIGNED at Houston, Texas, this 9th day of February, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE